UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mustapha Chmarkh,

    Plaintiff,

v.

Ohio University,

    Defendant.

Case No. 2:23-cv-1281

Judge Michael H. Watson

Magistrate Judge Jolson

## OMNIBUS OPINION AND ORDER

Ohio University ("Defendant") moves to dismiss the Complaint. ECF No. 12. Mustapha Chmarkh ("Plaintiff") moves for leave to file a Second Amended Complaint. ECF No. 17. For the following reasons, the motion to dismiss is **GRANTED,** and the motion for leave to amend is **DENIED.**

### I.    MOTION TO DISMISS

**A.    Facts[1]**

Defendant hired Plaintiff to be a professor in the English Department in August 2022. Compl. 3, ECF No. 3. Plaintiff alleges that, at the time he was hired, Defendant's Human Resources Department ("HR") made several mistakes in Plaintiff's paperwork that caused him serious financial harm. *Id.* Plaintiff alleges that HR lied to him, sent his "medical cards" to the wrong address, and refused to address his financial situation. *Id.* According to Plaintiff, all this

---

[1] The Court accepts Plaintiff's factual allegations as true for Defendant's motion. *Warner v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022).

conduct was "retaliation" because, although there were other new professors hired that fall, only Plaintiff experienced these problems. *Id.* at 3–4.

Next, Plaintiff alleges that Defendant discriminated against him on the basis of his race, ethnicity, and national origin. *Id.* at 4. Plaintiff had several verbal altercations with a student. *Id.* Read liberally, the Complaint alleges that Defendant unfairly and discriminatorily disciplined Plaintiff for his role in these altercations. *Id.* In his "Amendment to the Complaint"—best construed as a supplemental complaint—Plaintiff further alleges that the Chair of his department, a white woman, did not "do her job" in addressing a conflict between Plaintiff and a white female student. Supp. Compl. 2, ECF No. 8. Plaintiff also alleges that the Chair unfairly favored two other professors in the hiring process for a more permanent position. *Id.* at 3.

Plaintiff does not identify a particular cause of action but did check a box indicating that the Court has subject-matter jurisdiction over his claims because he is bringing a "civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution." Compl. 2, ECF No. 1. The Court thus construes Plaintiff's Complaint as asserting claims under 42 U.S.C. § 1983.

**B.    Standard of Review**

Defendant moves to dismiss the Complaint for lack of subject-matter jurisdiction. ECF No. 12. Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter

jurisdiction, a federal court lacks authority to hear a case. *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91 (2017). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "is a challenge to the sufficiency of the pleading itself," and the trial court therefore takes the allegations of the complaint as true. *Id*. To survive a facial attack, the complaint must contain a "short and plain statement of the grounds" for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)).

A factual attack is a "challenge to the factual existence of subject matter jurisdiction." *Ritchie*, 15 F.3d at 598. No presumptive truthfulness applies to the factual allegations. *Id.* When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (internal quotation marks and citation omitted).

**C.  Analysis**

Plaintiff's claims under Section 1983 are barred by sovereign immunity.

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any foreign State." U.S. Const. Amend. XI. "It has long

been settled that the Eleventh Amendment applies not only to suits brought against a State by a citizen of 'another State,' but also to suits brought by a citizen against the State in which he or she resides." *Lee Testing & Eng'g, Inc. v. Ohio Dept. of Transp.*, 855 F. Supp. 2d 722, 725 (S.D. Ohio 2012) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). Thus, the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments].]" *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citation omitted). When suits are filed against state agencies or state officials in their official capacities, they "should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Here, it is undisputed that Defendant is an arm of the State of Ohio. *See Herman v. Ohio Univ.*, No. 2:19-CV-201, 2019 WL 6255719, at *2 (S.D. Ohio Nov. 22, 2019) ("As a public university in the State of Ohio, Ohio University qualifies as an arm of the state and is immune from suit under the Eleventh Amendment."). Consequently, Plaintiff's claims against Defendant are barred by the Eleventh Amendment and, as a result, the Complaint is **DISMISSED WITHOUT PREJUDICE.**[2]

---

[2] To clarify, whether Plaintiff's 1983 claims are barred by the Eleventh Amendment has nothing to do with whether Plaintiff is a citizen of the United States or of another country. The Eleventh Amendment bars claims against states by citizens of any country. *See* U.S. Const. Amend. XI.

## II.   MOTION FOR LEAVE TO AMEND

Plaintiff moves for leave to amend his Complaint. ECF No. 17. As an aside, the proposed Amended Complaint is significantly different in format and style from the original Complaint and the "Amendment to the Complaint." *Compare* Proposed Amend. Compl., ECF No. 17-1 *with* Compl., ECF No. 1. Plaintiff is **CAUTIONED** that if he has an attorney assisting him, that attorney must enter an appearance on the docket.

### A.   Proposed Amended Complaint

The Proposed Amended Complaint, ECF No. 17-1, alleges as follows:

At the relevant times, Plaintiff was a professor in Defendant's English Department. *Id.* ¶ 8. In February 2023, Plaintiff had an unpleasant interaction with three students at an off-campus bar, during which one of the students said "F*** you, Mustapha." *Id.* ¶ 19. About a week-and-a-half later, one of the students from the bar, Bonita Seeley ("Ms. Seeley"), yelled "F*** you, Mustapha" while Plaintiff was walking on campus. *Id.* ¶ 22. Plaintiff called the police, and Ms. Seeley lunged at Plaintiff, sending his glasses flying. *Id.* Ms. Seeley was charged with assault. *Id.* ¶ 23.

About a month later, Plaintiff's supervisor informed him that two or three female students accused him of "inappropriate conduct and violation of university policy." *Id.* ¶ 26. Possibly related to—or the same as—this accusation of "inappropriate conduct," Ms. Seeley accused Plaintiff of sexual harassment. *Id.* ¶ 29. Plaintiff was placed on paid administrative leave pending an investigation

into these accusations. *Id.* ¶ 26. When Plaintiff tried to retrieve some personal items from his office, a police officer was guarding Plaintiff's office and would not let him enter. *Id.* ¶ 27. Before completing the investigation, Defendant let Plaintiff's contract expire. *Id.* ¶ 29.

Plaintiff asserts several claims, including violation of university policy, "civil rights violations," and discrimination. *See generally, id.* Plaintiff also lists the following statutes: (1) Title VII of the Civil Rights Act of 1964; (2) 42 U.S.C. § 1981a; 42 U.S.C. § 1981; and (3) the Ohio Civil Rights Act. *Id.* ¶ 7.

### B. Standard of Review

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires." Still, leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citation omitted).

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion-to-dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Warner v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## C. Analysis

None of Plaintiff's proposed amendments could withstand a motion to dismiss: the Section 1981a and 1981 claims would be barred by sovereign immunity; the Title VII claim would be dismissed for failure to exhaust administrative remedies; and the state claims would be dismissed because the Court would not exercise supplemental jurisdiction over them. Each of these points is discussed more fully below.

As an initial matter, the Proposed Amended Complaint lists several people and entities as "involved" in the events underlying this case but does not identify those people as "defendants." Proposed Amend. Compl. ¶¶ 8–18, ECF No. 17-1. Instead, each "involved" party is listed with only their name, position, and, in some instances, their alleged roles in the events. *Id.* In contrast, Plaintiff clearly labels himself as "Plaintiff, Dr. Mustapha Chmarkh," and Defendant as "Defendant Ohio University." *Id.* ¶¶ 8–9. Given the distinction Plaintiff made between "Defendant Ohio University" and the other "involved" parties, the Court finds the Proposed Amended Complaint is most fairly construed as asserting claims against only Defendant.

### 1. Sovereign Immunity

Plaintiff's claims under 42 U.S.C §§ 1981a and 1981 are barred by sovereign immunity for the same reasons the Section 1983 claims are barred. *See* Part I.C., *supra*. Accordingly, those claims could not withstand a motion to dismiss and are futile.

### 2. Title VII

Plaintiff alleges that Defendant discriminated against him on the basis of his "race, color, religion, and national origin." Proposed Amend. Compl. ¶ 63, ECF No. 17-1. Presumably based on that allegation, Plaintiff asserts a claim under Title VII. *Id.* ¶ 7. Defendant argues the Title VII claim is futile because Plaintiff has not exhausted administrative remedies. ECF No. 19.

Before a plaintiff may "bring a discrimination claim under Title VII, a plaintiff must first exhaust [his] administrative remedies." *Jones v. Johnson*, 707 F. App'x 321, 329 (6th Cir. 2017) (internal quotation marks and citations omitted). To properly exhaust administrative remedies, a plaintiff must: (1) "timely file a charge of employment discrimination with the [Equal Employment Opportunity Commission ("EEOC")]"; and (2) "receive and act upon the EEOC's statutory notice of the right to sue ("right-to-sue letter")." *Granderson v. Univ. of Michigan*, 211 F. App'x 398, 400 (6th Cir. 2006) (citing cases).

Defendant is correct that Plaintiff does not allege in the Proposed Amended Complaint that he exhausted administrative remedies. Thus, Plaintiff's Title VII claims could not withstand a motion to dismiss. *See Jones v. City of Cincinnati*, No. 1:22-CV-530, 2023 WL 3005698, at *3 (S.D. Ohio Apr. 19, 2023) (dismissing a Title VII claim where, based on the complaint, there was "nothing to show" that the plaintiff had properly exhausted administrative remedies).

However, in Ohio, Plaintiff has 300 days from the date of the "alleged discriminatory act" to file a charge with the EEOC or the Ohio Civil Rights Commission. *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001). Because the alleged discriminatory action occurred in the late winter and early spring of 2023, that 300-day period has not yet expired. In other words, Plaintiff still has time to present his claim to the EEOC or Ohio Civil Rights Commission, if he wishes.

Accordingly, if Plaintiff properly exhausts his administrative remedies, he may re-assert his claims. The administrative proceedings may take some time, and the Court declines to keep this case open indefinitely. Therefore, if Plaintiff chooses to re-assert a Title VII claim, he must do so in a new case.

### 3. State Law Claims

None of Plaintiff's federal claims could survive a motion to dismiss; the only remaining claims are the ones Plaintiff bring under the Ohio Civil Rights Act. The Court lacks independent subject matter jurisdiction over those claims and would decline to exercise its supplemental jurisdiction over them.

"[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) (internal quotation marks and citations omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). A district court shall "consider and weigh several factors" when determining whether to exercise supplemental jurisdiction, including the "values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). District courts can also consider factors like whether the plaintiff engaged in manipulation by dismissing federal claims; whether discovery had been completed; the degree of familiarity the court has

with the issues; and if the court had invested significant time in the decision. *Gamel*, 625 F.3d at 952 (citation omitted).

On balance, the Court finds the weight of these factors is against the exercise of supplemental jurisdiction. To begin, this case is at the pleadings stage and discovery has not yet begun. Next, no federal claims would survive a motion to dismiss, and only state-law claims would remain. There is "a strong presumption in favor of dismissing supplemental claims" once the federal claims have been dismissed. *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1250 (6th Cir. 1996) (citing cases). Finally, the Court has presided over this case for only a few months and has little familiarity with it.

These factors taken together weigh against the continued exercise of supplemental jurisdiction. Accordingly, as to the state-law claims, the Proposed Amended Complaint is futile.

### III. CONCLUSION

For these reasons, Defendant's motion to dismiss, ECF No. 12, is **GRANTED**; Plaintiff's motion for leave to amend, ECF No. 17, is **DENIED**.

The Clerk shall close the case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**